IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FALEY GIDEY,

    Petitioner,

v.

DORA CASTRO, in her official capacity as Warden, Otero County Processing Center; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director of the El Paso Field Office of Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; TODD M. LYONS, in his official capacity as Acting Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security; KRISTI NOEM, in her official capacity as Secretary, U.S. Department of Homeland Security; and PAMELA BONDI, in her official capacity as Attorney General of the United States,

    Respondents.

Case No. 2:26-cv-00580-MIS-KRS

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on Petitioner Faley Gidey's Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief ("Petition"), ECF No. 1, filed February 26, 2026. The same day, the Clerk's Office served Respondents with the Petition, pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 2.

Also on February 26, 2026, the Court issued an Order to Show Cause and Enjoining Transfer, ECF No. 3, which instructs that Respondents "shall respond to the Petition and **SHOW CAUSE** why the requested relief should not be granted" within ten business days. Id. at 2. The

Order reminds Respondents "that this Court has already decided the issues presented by the Petition and granted the relief Petitioner requests here[,]" id. (citations omitted), and instructs that "[a]ny response filed by Respondents must therefore demonstrate that the facts of this case warrant a departure from the Court's prior rulings[,]" id. at 3.

On March 5, 2026, the federal Respondents filed a Response to the Petition. ECF No. 5. Therein, counsel for Respondents acknowledges that the facts of this case are "substantially similar" to another case from this district finding that 8 U.S.C. § 1226(a) governed the petitioner's detention, id. at 2 (citing Martin Ramirez v. Noem, Case No. 2:26-cv-00063-SMD-GJF, (D.N.M. Feb. 11, 2026)), and that "this Court's decision in Martin Ramirez v. Noem, would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention[,]" id. Counsel did not distinguish this case from other cases involving the detention of noncitizens already present in the United States—as opposed to noncitizens detained at a border crossing or port of entry—but argued that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Id. at 2-3.

The Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's

continued detention and therefore orders his immediate release. See generally Resp., ECF No. 5.

The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order and entertain any motion for attorneys' fees.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1 is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner Faley Gidey from custody/detention without restraints beyond those that existed before his unlawful detention;

3. Respondents **SHALL RETURN** to Petitioner all personal belongings seized from Petitioner and provide him with all necessary documents sufficient to board and travel by commercial domestic air;

4. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

5. Respondents **SHALL** file a Notice of Compliance with this Order as soon as practicable after Petitioner's release;

6. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motion for attorneys' fees.

*Margaret Strickland*

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE